# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MARKUS A. GREEN | § | |
| | § | |
| V. | § | A-19-CV-913-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should dismissed for want of jurisdiction.

## STATEMENT OF THE CASE

**A.**    **Petitioner's Criminal History**

The Director has custody of Petitioner pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas, in cause number 9014200. Petitioner purportedly challenges prison disciplinary case number 201801803888. On March 13, 2018, Petitioner was found guilty of the disciplinary offense of refusal to work without a legitimate reason. As a result, Petitioner asserts he lost recreational and commissary privileges for 25 days.

B.     **Petitioner's Grounds for Relief**

Petitioner raises as grounds for relief:

1. He was denied his due process right to counsel during his disciplinary hearing;

2. He was denied his due process right to a jury trial;

3. He was denied his constitutional right to file a direct appeal and have appointed counsel; and

4. His rights under the Thirteenth and Fourteenth Amendments are violated every time he is found guilty of a major disciplinary violation.

Petitioner essentially contends all major disciplinary convictions violate his constitutional rights because he should no longer be confined in prison on his original conviction. Although Petitioner appears to be challenging a disciplinary conviction, he is actually challenging his original conviction.

## DISCUSSION AND ANALYSIS

The Court dismissed as time-barred Petitioner's previously filed applications for writ of habeas corpus challenging his original convictions. *See Green v. Quarterman*, No. A-07-CV-899-LY, No. A-07-CV-900-LY and No. A-07-CV-901-LY (W.D. Tex.) (Order Jan. 22, 2008). The Fifth Circuit Court of Appeals denied Petitioner a certificate of appealability on June 20, 2008. *Green v. Quarterman*, No. 08-50229 (5th Cir. 2008).

Recently, the Court denied another of Petitioner's applications for writ of habeas corpus. *See Green v. Davis*, No. A-18-CV-925-LY (W.D. Tex.) (Order July 9, 2019). In that application, executed on October 5, 2018, Petitioner challenged a September 25, 2018 disciplinary conviction.

Petitioner's instant application is successive to the extent he challenges his original convictions. It is also successive to the extent he challenges a disciplinary conviction that had occurred before he filed his application for writ of habeas corpus in Cause No. A-18-CV-925-LY.

Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Pursuant to § 2244(b), the Court finds this successive application for writ of habeas corpus should be dismissed, because Petitioner has not obtained prior approval to file a successive habeas corpus application. *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction).

Moreover, Petitioner's claims challenging his disciplinary conviction are procedurally barred for the exact same reasons his last application for writ of habeas corpus was barred. Petitioner failed to present his claims in the prison grievance process and it is too late to present them now.

The pending petition is governed by the federal habeas corpus statutes found at 28 U.S.C. § 2254. *See, e.g., Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) ("State prisoners who allege that they were improperly denied good-conduct credit that, if restored, would have resulted in their immediate or sooner release from prison, fall under § 2254.") (citations omitted). The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Preiser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and

expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. *See Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).

Once again, Petitioner admits he deliberately skipped the administrative review process. By proceeding immediately to federal court, Petitioner bypassed the Director's ability to review and, if necessary, correct any constitutional errors that might have occurred. The exhaustion requirement can be excused when exceptional circumstances exist. *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). However, the Court finds that Petitioner has failed to allege any valid circumstance which would allow the Court to excuse the exhaustion requirement. A grievance filed at this late date would now be futile, because the grievable time period has expired. Accordingly, Petitioner's claims are procedurally defaulted.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To overcome this procedural bar, a petitioner must show either cause for the failure to exhaust and prejudice resulting therefrom or that failure to hear the claims would result in a miscarriage of justice. *Sawyer v. Whitley*, 505 U.S. 333, 338–39 (1992). In the case at hand, Petitioner fails to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of his federal claims would result in a miscarriage of justice.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice for want of jurisdiction.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are

adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED this 7th day of October, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE